IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WESLEY J. WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CITY OF GRANITE CITY AND, | ) | |
| MICHAEL PARKINSON, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

# FOR VIOLATION OF 42 U.S.C. 1983

Comes now, Plaintiff, Wesley J. Wallace by his attorneys, the Scroggins Law Office, Ltd., hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights, and alleges as follows:

# PRELIMINARY STATEMENT

This is a civil rights action in which the plaintiff, Wesley J. Wallace, seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of Illinois.  Plaintiff seeks compensatory and punitive damages, and award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

# JURY DEMAND

1. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

# JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments. Jurisdiction is conferred upon this court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

Venue is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF GRANITE CITY is administratively located within the Southern District of Illinois, and the events giving rise to this claim occurred with the boundaries of the Southern District of Illinois.

## PARTIES

1. Plaintiff, Wesley J. Wallace is an induvial who resides at 2107 Monroe Street, Granite City, IL.

2. That Defendant, Michael Parkinson, is the elected city official, namely, the Mayor of Granite City. At all times relevant hereto he acted in concerted with color of state law.

3. Defendant, City of Granite City is the local government unit for which Defendant, Michael Parkinson worked at all times relevant hereto.

## FACTS

4. On or about April 22, 2021 the Plaintiff was apprehended by the Granite City Police Department at his place of residence, 2107 Monroe Street, Granite City Illinois.

5. That during said arrest of Plaintiff, Defendant, Michael Parkinson entered via the back alley and approached the Plaintiff. While the Plaintiff was handcuffed, Defendant Michael Parkinson then. extended out his hand to make the Plaintiff think he was going to shake his hand, quickly withdrew his hand, proceeded to alarmingly strike the Plaintiff on his torso.

6. That during the arrest Defendant, Mr. Parkinson states to the Plaintiff "Hey, how are you doing, I am the mayor of Granite City, get the fuck out of my town" while proceeding to laugh and humiliated the Plaintiff while in the presence of the Granite City Police Department.

7. That the manor and aggression towards the Plaintiff was unreasonable.

8. That Plaintiff, Wesley Wallace felt physically intimated by the presence of Defendant, Michael Parkinson and that was a deprivation of his constitutional rights

9. That Defendant, Michael Parkinson was not involved in the criminal investigation of the Plaintiff and used his position of authority to intimidate, harass and breach the peace of the Plaintiff.

10. As a proximate result of the Defendant's actions, Plaintiff has suffered extreme embarrassment, shame, anxiety, and mental distress.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983**

11. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

12. The conduct and actions of Defendant Michael Parkinson and the Granite City Police Department, acting in concert and under the color of law, and authorizing, directing and/or causing multiple injuries to Wesley Wallace, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was

designed to and caused specific and serious emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and 14th Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

13. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

## MONELL CLAIM AGAINST THE CITY OF ALTON 42 U.S.C. § 1983

14. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

15. The City of Granite City And Michael Parkinson directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendants. The conduct of the Defendants was a direct consequence of policies and practices of Defendant City of Granite City .

16. At all times relevant to this complaint Defendants, acting through the Granite City Police Department, had in affect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

17. The City of Granite City  knew or should have known of the Defendant officer's propensity to engage in misconduct of the type alleged herein. It was the policy and/or custom of the City of Granite City  to inadequately train, supervise and discipline its police officers, including

the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or retraining of its police officers. As a result of the above-described policies and customs, police officers of the City of Granite City , including the Defendant Michael Parkinson, could believe that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

18. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of the policy makers of The City of Granite City to the constitutional rights of persons within the city, and were the direct and proximate cause of the violation of Plaintiffs rights alleged herein.

## **THIRD CLAIM: ASSAULT AND BATTERY**

19. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

20. By the conduct and actions described above, Defendants Michael Parkinson and The Granite City Police Department inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of the Defendants are the direct and proximate cause of injury and damage to the Plaintiff and violated Plaintiffs statutory and common-law rights as guaranteed by the laws and constitution of the state of Illinois.

21. Defendants' acts constituted an assault on Plaintiff in that they intentionally attempted to injure Plaintiff or commit a battery upon him. Furthermore, their acts represented a grievous affront to Plaintiff.

22. The injuries sustained by Plaintiff were wholly and solely caused by reason of the conduct described, and Plaintiff did not contribute thereto.

23. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

**FOURTH CLAIM- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24. Plaintiff realleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

25. At the time of the incident the Defendants, City of Granite City Police Department and Mayor Michael Parkinson had a duty to protect the public, including Wesley Wallace.

26. On or about April 22, 2022, and at all times relevant, Mayor Michael Parkinson and the Granite City Police Department had a duty to refrain from engaging in reckless, willful and wanton conduct or conduct which exhibited a conscious disregard for the safety of the citizens like Wesley Wallace.

27. At the time and place alleged, Defendants breached its duty to Wesley Wallace by acting in an intentional and reckless, willful and wanton manner which exhibited an utter indifference to and/or conscious disregard for the safety of Wesley Wallace in that without provocation, while Wesley Wallace was under arrest, in handcuffs, in front of an audience of police officers without regard for human dignity and the absence of threat Mayor Michael Parkinson assaulted Wesley Wallace by mocking him throughout the period of his apprehension.

28. That as a direct and proximate result of the aforementioned assault by the Defendant, Mayor Michael Parkinson breached the aforementioned duty and inflicted emotional distress injuries on Wesley Wallace.

29. That as direct and proximate result of the aforementioned assault by the Defendants, Wesley Wallace then and there sustained severe and permanent injuries and was and will be hindered and prevented from attending his usual duties and affairs of life and lost and will lose the value of that time as aforementioned.  Further Plaintiff Wesley Wallace suffered great pain and anguish in the mind and body and will in the further continue to suffer.

WHEREFORE, Plaintiff Wesley Wallace demands judgment against the Defendants, and/or employees in an amount of excess of $50,000.00 plus costs of this suit and any other relief this Court Deems Fair and just.

Wesley Wallace,

/s/ Phillip Baldwin #6320225
Scroggins Law Office Ltd.
1506 Johnson Road, suite 200
Granite City, Illinois 62040
(618) 876-5300
(618) 876-5135 (fax)
scroggins_law@juno.com