**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WESLEY J. WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **Case No. 3:22-cv-763-DWD** |
| | ) |
| CITY OF GRANITE CITY, and | ) |
| MICHAEL PARKINSON, | ) |
| | ) |
| Defendants. | ) |

<u>**MEMORANDUM & ORDER**</u>

**DUGAN, District Judge:**

In April 2021, Plaintiff Wesley J. Wallace was arrested by officers of the Granite City Police Department at his home in Granite City, Illinois. According to the complaint Wallace filed in this Court in April 2022, Defendant Michael Parkinson, the mayor of Granite City, entered Wallace's home during the arrest. Parkinson struck Wallace on his torso and said, "Hey, how are you doing, I am the mayor of Granite City, get the fuck out of my town." (Doc. 1 at 2–3). Wallace also claims that Parkinson laughed at and humiliated him during the arrest. In his complaint, Wallace brings claims of excessive force under 42 U.S.C. § 1983, assault and battery, and intentional infliction of emotional distress against Parkinson and Defendant the City of Granite City. Now before the Court is Defendants' motion to dismiss the complaint. (Doc. 9). Wallace has not responded to the motion, and the time to do so has now passed. *See* SDIL-LR 7.1. For the following reasons, Defendants' motion to dismiss is due to be granted in part and denied in part.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint

must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,* 550 U.S. at 555 and quoting Fed. R. Civ. Proc. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

Defendants first seek to dismiss any defendants other than Michael Parkinson and the City of Granite City. Throughout the complaint, Wallace refers at various points to the Granite City Police Department, "the Defendant officer's propensity to engage in misconduct," and the City of Alton. However, Wallace has not properly stated a claim against any of these entities. For starters, Wallace did not designate these entities as defendants in the caption of his complaint as required by Federal Rule of Civil Procedure 10(a). And in the body of his complaint, under the heading "PARTIES," he lists only

himself, Parkinson, and the City of Granite City. (Doc. 1 at 2). Finally, his factual allegations provide no details about the actions of members of the Granite City Police Department other than to indicate that they arrested him and were present when Parkinson struck and spoke to Wallace. For these reasons, any claims that Wallace intended to bring against entities or persons other than Michael Parkinson and the City of Granite City are due to be dismissed.

Next, Defendants seeks to dismiss the § 1983 excessive force claim against Parkinson. Defendants argue that the claim is against Parkinson in his official capacity and fails for that reason. However, the complaint never explicitly indicates whether the claim is against Parkinson in his official or individual capacity. The Seventh Circuit has instructed that in cases where the plaintiff fails to indicate in what capacity a government official is being sued, the court should consider the nature of the claims and the relief sought. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Because Wallace seeks compensatory and punitive damages (as opposed to injunctive relief) for tortious conduct committed by Parkinson under color of state law, the claim is brought against Parkinson in his individual capacity. *See id.* (citing *Hill v. Shelander*, 924 F.2d 1370, 1373–74 (7th Cir. 1991)) ("Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity."). Wallace alleges that Parkinson acted unreasonably during his arrest by striking him on the torso and has therefore stated a § 1983 claim for excessive force in violation of Wallace's Fourth Amendment rights. *See Lester v. City of Chi.*, 830 F.2d

706, 712–13 (7th Cir. 1987) ("If, under the totality of circumstances, [an official] unreasonably seizes a person by using excessive force, he has violated that person's Fourth Amendment rights.").

Defendants also argue that Wallace has failed to adequately allege a § 1983 claim for *Monell* liability against the City of Granite City. "*Monell* permits suits against municipal entities under § 1983, but only when a governmental policy or custom caused the constitutional deprivation; municipal entities cannot be liable for their employees' actions under a respondeat superior theory." *Hahn v. Walsh*, 762 F.3d 617, 638–39 (7th Cir. 2014). Specifically, the constitutional violation must be caused by "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with 'final policymaking authority.'" *Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011) (quoting *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009)). Here, Wallace has not alleged that Parkinson's attack against him was the result of a governmental policy or custom. Wallace has also not alleged that Parkinson acted with final policymaking authority. For these reasons, Wallace has failed to state a § 1983 claim for *Monell* liability against the City of Granite City for Parkinson's use of force.

Finally, Defendants seek to dismiss Parkinson's claim for intentional infliction of emotional distress ("IIED"). To state a claim for IIED, a plaintiff must allege that (1) the conduct involved was truly extreme and dangerous, (2) the tortfeasor intended or knew that there was a high probability that his conduct would cause severe emotional distress, and (3) the conduct did in fact cause severe emotional distress. *McGrath v. Fahey*, 533

N.E.2d 806, 809 (Ill. 1988). Wallace alleges that Parkinson intentionally assaulted him and "inflicted emotional distress injuries." (Doc. 1 at 6–7). But these allegations are not enough to establish IIED. Wallace must allege that he suffered *severe* emotional distress and that Parkinson acted with the intent to cause *severe* emotional distress. Further, a single punch does not constitute "truly extreme and dangerous" conduct. *See, e.g.*, *Lopez v. City of Chicago*, No. 01 C 1823, 2004 WL 725790, at *2 (N.D. Ill. Mar. 31, 2004) ("One punch by Gomez is insufficient to support an IIED claim."); *Armstrong v. Village of Bellwood*, No. 18-cv-5919, 2021 WL 148802, at *10 (N.D. Ill. Jan. 15, 2021) (collecting cases). Therefore, Wallace's IIED claim is due to be dismissed.

For these reasons, Defendants' motion to dismiss (Doc. 9) is **GRANTED in part** and **DENIED in part**. Wallace's claims against any entities or persons other than Defendants Parkinson and the City of Granite City are **DISMISSED without prejudice**. Wallace's § 1983 claim for *Monell* liability against the City of Granite City (Count II) and his claim for intentional infliction of emotional distress against Parkinson (Count IV) are also **DISMISSED without prejudice**. Wallace has sufficiently plead a § 1983 claim for excessive force (Count I) and a claim for assault and battery (Count III) against Defendant Parkinson. If Wallace wishes to file an amended complaint, he must do so within **14 days** after entry of this Order.

      **SO ORDERED.**

      Dated: June 28, 2022

                                            _____

                                            DAVID W. DUGAN
                                            United States District Judge