IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESLEY J. WALLACE, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:22-cv-763-DWD |
| CITY OF GRANITE CITY and MICHAEL PARKINSON, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge**:

Before the Court is Defendant Parkinson's Motion and Memorandum of Law in Support of a Dismissal for Want of Prosecution (Doc. 22) under Federal Rule of Civil Procedure 41(b), to which Plaintiff did not respond.

On April 20, 2022, Plaintiff filed a Complaint (Doc. 1) against Defendants, the City of Granite City and Michael Parkinson. On June 28, 2022, the claims against Defendant, the City of Granite City, were dismissed pursuant to Defendants' Motion to Dismiss (Doc. 9), to which Plaintiff did not respond. (Doc. 10). Defendant Parkinson filed an Answer and Affirmative Defenses (Doc. 19), then propounded discovery requests on Plaintiff. (Docs. 19; 22-1). Plaintiff failed to respond to those discovery requests, despite correspondence from Defendant Parkinson. (Doc. 22-2).

Therefore, on December 16, 2022, Defendant Parkinson filed a Motion to Compel the overdue responses to those discovery requests, to which Plaintiff did not respond. (Doc. 20). The Court granted the Motion to Compel, ordering Plaintiff "to respond to

Defendant's discovery requests within ten (10) days." (Doc. 21). Plaintiff did not comply with that Order. For these reasons, Defendant Parkinson brings the instant Motion.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). The decision to dismiss a case for want of prosecution must depend on all the circumstances of the case. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018). However, generally, courts consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of the failures on the judge's calendar and time, the prejudice caused to the defendant by the dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation. *See id.* at 931-32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)).

Further, as the Seventh Circuit has noted, "[t]here is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution." *McMahan*, 892 F.3d at 932 (quoting *Ball v. City of Chic.*, 2 F.3d 752, 756 (7th Cir. 1993)); *accord Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020). Similarly, an explicit warning that a case may be dismissed is not always required. *See McMahan*, 892 F.3d at 932. Indeed, " '[t]he warning requirement is not a "rigid rule…. It was intended rather as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal." ' [Citation]." *See id.* at 932-33 (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). Notably, in the cases where a district court has been admonished for dismissing a case

for want of prosecution, the cases involved *sua sponte* dismissals. *See id*. at 933 (citing *In re Bluestein & Co.*, 68 F.3d 1022, 1027 (7th Cir. 1995)); *see also Shaffer*, 962 F.3d at 316. If the defendant has filed a motion with notice to the plaintiff, seeking a dismissal for want of prosecution, "there is no need to warn that dismissal is coming." *See McMahan*, 892 F.3d at 932 (citing *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991)); *see also Shaffer*, 962 F.3d at 316 ("[A]lthough district courts must warn litigants before dismissing a case *sua sponte*, they need not do so when, as here, the court is ruling on a motion filed by the opposing party."). In that situation, the plaintiff may explain itself by responding to the motion. *See McMahan*, 892 F.3d at 932. In short, the motion is the warning. *See id*.

Here, the Court agrees with Defendant Parkinson that Plaintiff has taken no meaningful action in this case since the filing of the Complaint on April 20, 2022. Indeed, the *only* action taken by Plaintiff since that time was the filing of a Notice of Appearance (Doc. 16) and the filing of an exhibit to the Complaint (Doc. 15). Notably, the Notice of Appearance was filed, after prompting by the Court and the Clerk of the Court, approximately 3 months after the filing of the Complaint. (Docs. 3 & 14). It was also filed after the Court's resolution of Defendants' Motion to Dismiss. (Docs. 9 & 10). Further, the Court had to adopt the Joint Report of the Parties as submitted by Defendant Parkinson's attorney due to a lack of input from Plaintiff's attorney. The Court noted as follows:

> Attorney Heidi Eckert has indicated that she has attempted to make contact with Defense Counsel, Phillip Baldwin, with regard to the preparation and filing of the Joint Report of the Parties. However, Mr. Baldwin has not responded to or consulted with her notwithstanding the July 21, 2022 deadline for submission of the Joint Report of Parties. The Court also notes that Mr. Baldwin has failed to meet other deadlines in this case, including the submission of the Civil Cover Sheet and Entry of Appearance (Order at

3

>Doc. 14). Mr. Baldwin's continued failure to comply with the Federal Rules of Civil Procedure or local rules, or further disregard for the Court's orders and deadlines may result in an order to show cause and/or sanctions.

(Doc. 17).

The Court will not allow this case to languish while Plaintiff's attorney, despite the efforts of both Defense Counsel and the Court, continues his unexplained lack of interest in the prosecution of this matter. Plaintiff's attorney has required prompting by the Court and the Clerk of the Court (Docs. 3 & 14), missed every deadline to file responsive pleadings (Docs. 10, 20, 22), failed to meet the deadline for filing a Joint Report with opposing counsel (Doc. 17), failed to file responses to Defendant Parkinson's discovery requests (Doc. 22-1), and ignored a direct order of the Court (Doc. 21). These circumstances warrant a dismissal of the case for want of prosecution. *See McMahan*, 892 F.3d at 931-32. In light of the Order at Doc. 17 and the filing of the instant Motion, it is unnecessary to further warn Plaintiff's attorney. *See McMahan*, 892 F.3d at 932; *Shaffer*, 962 F.3d at 316.

For these reasons, the Court **GRANTS** the Motion under Rule 41(b). The case is **DISMISSED with prejudice**.

**SO ORDERED.**

Dated: May 2, 2023.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge